**IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI**

ROOSEVELT PARKER                                                                              PLAINTIFF

VS.                                                                    CASE NO. 37:22CV025PH

STATE FARM FIRE AND
CASUALTY COMPANY                                                                         DEFENDANT

### COMPLAINT
(Jury Trial Requested)

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, Roosevelt Parker, who files this Complaint against Defendant, State Farm Fire and Casualty Company ("State Farm"), and shows this honorable court that:

### JURISDICTION AND VENUE

I.

Plaintiff Roosevelt Parker is a person of majority and domiciled in Lamar County, Mississippi.

II.

Defendant State Farm is a foreign company licensed to do and is doing business in the State of Mississippi and County of Lamar, who may be served pursuant to the Mississippi Rules of Civil Procedure.

III.

This cause of action occurred or accrued in Lamar County, Mississippi; pursuant to the provisions of Mississippi Code Section 11-11-3, as amended, venue is proper in this Court.

Exhibit "A"
Page 1 of 8



FILED
LAMAR COUNTY   MAR 28 2022   CIRCUIT CLERK

## RELEVANT FACTS

IV.

At all relevant times, Plaintiff owned the property located at 52 Mississippi Highway 589, Sumrall, Mississippi 39482 ("the Property").

V.

At all relevant times, State Farm provided a policy of insurance, number 24-17-2921-1 ("the Policy"), to Plaintiff, which covered the Property against perils including wind and provided the following coverages: $502,500.00 for Dwelling, $50,250.00 for Other Structures, *inter alia*.

VI.

On or about April 9, 2021, the Property was affected by a windstorm, causing significant damage.

VII.

Plaintiff promptly reported the loss to State Farm, who assigned it claim number 24-18S3-76N ("the Claim").

VIII.

On or about May 8, 2021, Shane McKinley inspected the Property on behalf of State Farm and documented damages to the dwelling, but after application of Plaintiff's deductible, Mr. McKinley allowed just $288.82 for Plaintiff's substantial dwelling loss.

IX.

Mr. McKinley's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Mississippi's proof of loss requirements.

FILED
LAMAR COUNTY MAR 28 2022 CIRCUIT CLERK

X.

On or about December 14, 2021, independent adjuster Tommy Tompkins of ATA Loss Consulting ("ATA") inspected the Property on behalf of Plaintiff and created an estimate of damages documenting $141,178.64 in damages to the dwelling and $604.11 in damages to other structures.

XI.

On or about January 28, 2022, a demand for the release of benefits under the Policy was sent to State Farm, along with the ATA estimate demonstrating these losses.

XII.

This submission constituted satisfactory proof of loss under Mississippi's proof of loss requirements.

XIII.

On or about March 2, 2022, State Farm re-inspected the Property, but concluded that no additional damages were found.

XIV.

No further payment has been made.

XV.

Plaintiff was unable to make meaningful repairs to his Property with the meager proceeds allowed by State Farm.

XVI.

As a result of State Farm's failure to timely and adequately compensate Plaintiff for his substantial losses, the Property remains in a state of disrepair.

FILED
LAMAR COUNTY   MAR 28 2022   CIRCUIT CLERK

XVII.

As a result of State Farm's failure to timely and adequately compensate Plaintiff for his covered loss, he was forced to incur the expense of retaining counsel and other expenses to prosecute his claim.

XVIII.

Upon information and belief, State Farm purposely and/ or negligently misrepresented to Plaintiff the terms and conditions of the Policy.

XIX.

Upon information and belief, State Farm conducted the investigation and claims handling for Plaintiff's claims in bad faith, as that term is used in conjunction with Mississippi's insurance code.

XX.

Upon information and belief, State Farm manipulated its pricing software to artificially suppress the cost of repairs below market value.

XXI.

Upon information and belief, State Farm purposely or at least negligently failed to include adequate overhead and profit in its estimate of damages.

XXII.

Plaintiff has incurred or will incur additional expenses in repairing the Property as a result of State Farm's failure to timely compensate him for his substantial and covered losses.

### COUNT ONE: BREACH OF CONTRACT

XXIII.

Plaintiff incorporates by reference each and every averment made above.



LAMAR COUNTY   MAR 28 2022   CIRCUIT CLERK

XXIV.

State Farm entered into the subject contract of insurance with Plaintiff to provide reasonable and adequate insurance coverage to Plaintiff, including one or more of the following specifics:

a. A Contractual duty to Plaintiff to provide insurance coverage to Plaintiff for property loss under the laws of the State of Mississippi;

b. A Fiduciary duty to Plaintiff to adhere to and satisfy their obligations under the contract;

c. A Duty to Plaintiff to fulfill their obligations to pay the amount necessary to cover Plaintiff's covered property loss as provided by the terms of the Policy;

d. A Duty to pay the amounts necessary in a timely manner, and pursuant to the rules and obligations of the laws of the State of Mississippi.

XXV.

Plaintiff has now suffered covered losses under the Policy.

XXVI.

State Farm breached its contractual duties and failed to provide reasonable and adequate insurance coverage to Plaintiff by:

a. Failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss;

b. Purposely and/ or negligently misrepresenting to Plaintiff the terms and conditions of the Policy;

c. Failing to conduct the claims handling for Plaintiff's claim in good faith and with fair dealing;

FILED
LAMAR COUNTY    MAR 28 2022    CIRCUIT CLERK

    d. Manipulating its pricing software to artificially suppress the cost of repairs below market value;

    e. Failing to include adequate overhead and profit in its estimates of damages.

## XXVII.

Plaintiff has suffered and continues to suffer damages as a result of these breaches of the Policy.

## COUNT TWO: BAD FAITH

## XXVIII.

Plaintiff incorporates by reference each and every averment made above.

## XXIX.

Defendant State Farm, at all relevant times, owed a duty of good faith and fair dealing to Plaintiff in the handling and administration of its property damage claim.

## XXX.

The actions and/ or inactions of State Farm in failing to timely and adequately compensate Plaintiff for the covered losses under the Policy were arbitrary, capricious, and without probable cause, as those terms are used in conjunction with the Mississippi Insurance Code, making State Farm liable for bad faith penalties.

## XXXI.

Defendant State Farm breached this duty by failing to provide payment for property damage in a reasonable manner.

## XXXII.

There was no good faith arguable basis for positions taken by Defendant for all denials and delays of payment for coverage.

FILED
LAMAR COUNTY   MAR 28 2022   CIRCUIT CLERK

XXXIII.

Defendant either knew or should have known that Plaintiff suffered a property loss and should have made payments on the claim without unreasonable and avoidable delay.

XXXIV.

Defendant's breach of the aforementioned duties was the direct and proximate cause of the harm suffered by Plaintiff, and but for their breach the harm suffered by Plaintiff would have been avoided.

XXXV.

Defendant's refusal to tender payment was deliberate, without excuse or justification, and therefore shows bad faith conduct under the laws of the State of Mississippi.

XXXVI.

Due to Defendant's failure to pay Plaintiff the benefits afforded to it under the terms of his Policy in a reasonable and timely manner, under the facts presented, Plaintiff has suffered monetary loss, emotional distress and mental anguish, and other damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff, Roosevelt Parker, prays that Defendant, State Farm Fire and Casualty Company, be served with a copy of this Complaint, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiff, and against the Defendant as alleged, together with legal interest, and for all costs of these proceedings including expert witness fees to be taxed as costs of court, attorney's fees and expenses and for all legal and equitable relief this honorable court shall deem appropriate.

Further, a **TRIAL BY JURY** is requested on all issues raised herein.

FILED
LAMAR COUNTY   MAR 28 2022   CIRCUIT CLERK

RESPECTFULLY SUBMITTED, this the 23rd day of March, 2022.

>HAIR SHUNNARAH TRIAL ATTORNEYS
>3540 S. I-10 SERVICE RD. WEST, STE. 300
>METAIRIE, LA 70001
>Ph: (504) 323-6951
>F: (504) 613-6351
>topp@hairshunnarah.com
>*Attorneys for Plaintiff,*
>*Roosevelt Parker*
>
>BY: _____
>LINDSEY A. TOPP, MS BAR NO. 104182

FILED
LAMAR COUNTY   MAR 28 2022   CIRCUIT CLERK