Case: 37CH1:22-cv-00025-PH    Document #: 1    Filed: 03/28/2022    Page 1 of 1

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Court Identification Docket #

| County # | Judicial District | Court ID (CH, CI, CO) | Case Year | Docket Number |

**Mississippi Supreme Court** — Form AOC/01
Administrative Office of Courts (Rev 2016)

Month 03 Date 28 Year 2022

This area to be completed by clerk — Case Number if filed prior to 1/1/94

In the CIRCUIT Court of LAMAR County — Judicial District

## Origin of Suit (Place an "X" in one box only)
[X] Initial Filing   [ ] Reinstated   [ ] Foreign Judgment Enrolled   [ ] Transfer from Other court   [ ] Other
[ ] Remanded   [ ] Reopened   [ ] Joining Suit/Action   [ ] Appeal

## Plaintiff – Party(ies) Initially Bringing Suit Should Be Entered First
Individual — Last Name: Parker   First Name: Roosevelt

Address of Plaintiff: 52 MS Hwy 589, Sumrall, MS 39482

Attorney (Name & Address): Lindsey A. Topp, 3540 S. I-10 Service Rd. W, Ste. 300, Metairie, LA 70001   MS Bar No. 104182

Signature of Individual Filing: [signature]

## Defendant – Name of Defendant
Business: State Farm Fire & Casualty Company

## Nature of Suit (Place an "X" in box only)
**Contract**
[X] Breach of Contract

**Torts**
[X] Bad Faith

Exhibit "B"
Page 1 of 16

## ·IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

ROOSEVELT PARKER                          PLAINTIFF

VS.                            CASE NO. 37.22CV025PH

STATE FARM FIRE AND
CASUALTY COMPANY                  DEFENDANT

## COMPLAINT
### (Jury Trial Requested)

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, Roosevelt Parker, who files this Complaint against Defendant, State Farm Fire and Casualty Company ("State Farm"), and shows this honorable court that:

## JURISDICTION AND VENUE

### I.

Plaintiff Roosevelt Parker is a person of majority and domiciled in Lamar County, Mississippi.

### II.

Defendant State Farm is a foreign company licensed to do and is doing business in the State of Mississippi and County of Lamar, who may be served pursuant to the Mississippi Rules of Civil Procedure.

### III.

This cause of action occurred or accrued in Lamar County, Mississippi; pursuant to the provisions of Mississippi Code Section 11-11-3, as amended, venue is proper in this Court.

FILED

LAMAR COUNTY   MAR 28 2022   CIRCUIT CLERK

## RELEVANT FACTS

### IV.

At all relevant times, Plaintiff owned the property located at 52 Mississippi Highway 589, Sumrall, Mississippi 39482 ("the Property").

### V.

At all relevant times, State Farm provided a policy of insurance, number 24-17-2921-1 ("the Policy"), to Plaintiff, which covered the Property against perils including wind and provided the following coverages: $502,500.00 for Dwelling, $50,250.00 for Other Structures, *inter alia*.

### VI.

On or about April 9, 2021, the Property was affected by a windstorm, causing significant damage.

### VII.

Plaintiff promptly reported the loss to State Farm, who assigned it claim number 24-18S3-76N ("the Claim").

### VIII.

On or about May 8, 2021, Shane McKinley inspected the Property on behalf of State Farm and documented damages to the dwelling, but after application of Plaintiff's deductible, Mr. McKinley allowed just $288.82 for Plaintiff's substantial dwelling loss.

### IX.

Mr. McKinley's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Mississippi's proof of loss requirements.

FILED

LAMAR COUNTY   MAR 28 2022   CIRCUIT CLERK

X.

On or about December 14, 2021, independent adjuster Tommy Tompkins of ATA Loss Consulting ("ATA") inspected the Property on behalf of Plaintiff and created an estimate of damages documenting $141,178.64 in damages to the dwelling and $604.11 in damages to other structures.

XI.

On or about January 28, 2022, a demand for the release of benefits under the Policy was sent to State Farm, along with the ATA estimate demonstrating these losses.

XII.

This submission constituted satisfactory proof of loss under Mississippi's proof of loss requirements.

XIII.

On or about March 2, 2022, State Farm re-inspected the Property, but concluded that no additional damages were found.

XIV.

No further payment has been made.

XV.

Plaintiff was unable to make meaningful repairs to his Property with the meager proceeds allowed by State Farm.

XVI.

As a result of State Farm's failure to timely and adequately compensate Plaintiff for his substantial losses, the Property remains in a state of disrepair.

FILED

LAMAR COUNTY   MAR 28 2022   CIRCUIT CLERK

### XVII.

As a result of State Farm's failure to timely and adequately compensate Plaintiff for his covered loss, he was forced to incur the expense of retaining counsel and other expenses to prosecute his claim.

### XVIII.

Upon information and belief, State Farm purposely and/ or negligently misrepresented to Plaintiff the terms and conditions of the Policy.

### XIX.

Upon information and belief, State Farm conducted the investigation and claims handling for Plaintiff's claims in bad faith, as that term is used in conjunction with Mississippi's insurance code.

### XX.

Upon information and belief, State Farm manipulated its pricing software to artificially suppress the cost of repairs below market value.

### XXI.

Upon information and belief, State Farm purposely or at least negligently failed to include adequate overhead and profit in its estimate of damages.

### XXII.

Plaintiff has incurred or will incur additional expenses in repairing the Property as a result of State Farm's failure to timely compensate him for his substantial and covered losses.

### COUNT ONE: BREACH OF CONTRACT

### XXIII.

Plaintiff incorporates by reference each and every averment made above.

FILED

LAMAR COUNTY    MAR 28 2022    CIRCUIT CLERK

## XXIV.

State Farm entered into the subject contract of insurance with Plaintiff to provide reasonable and adequate insurance coverage to Plaintiff, including one or more of the following specifics:

    a. A Contractual duty to Plaintiff to provide insurance coverage to Plaintiff for property loss under the laws of the State of Mississippi;

    b. A Fiduciary duty to Plaintiff to adhere to and satisfy their obligations under the contract;

    c. A Duty to Plaintiff to fulfill their obligations to pay the amount necessary to cover Plaintiff's covered property loss as provided by the terms of the Policy;

    d. A Duty to pay the amounts necessary in a timely manner, and pursuant to the rules and obligations of the laws of the State of Mississippi.

## XXV.

Plaintiff has now suffered covered losses under the Policy.

## XXVI.

State Farm breached its contractual duties and failed to provide reasonable and adequate insurance coverage to Plaintiff by:

    a. Failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss;

    b. Purposely and/ or negligently misrepresenting to Plaintiff the terms and conditions of the Policy;

    c. Failing to conduct the claims handling for Plaintiff's claim in good faith and with fair dealing;

FILED

LAMAR COUNTY    MAR 28 2022    CIRCUIT CLERK

    d.  Manipulating its pricing software to artificially suppress the cost of repairs below

        market value;

    e.  Failing to include adequate overhead and profit in its estimates of damages.

XXVII.

Plaintiff has suffered and continues to suffer damages as a result of these breaches of the

Policy.

<strong><u>COUNT TWO: BAD FAITH</u></strong>

XXVIII.

Plaintiff incorporates by reference each and every averment made above.

XXIX.

Defendant State Farm, at all relevant times, owed a duty of good faith and fair dealing to

Plaintiff in the handling and administration of its property damage claim.

XXX.

    The actions and/ or inactions of State Farm in failing to timely and adequately

compensate Plaintiff for the covered losses under the Policy were arbitrary, capricious, and

without probable cause, as those terms are used in conjunction with the Mississippi Insurance

Code, making State Farm liable for bad faith penalties.

XXXI.

Defendant State Farm breached this duty by failing to provide payment for property

damage in a reasonable manner.

XXXII.

    There was no good faith arguable basis for positions taken by Defendant for all denials and

delays of payment for coverage.

FILED

LAMAR
COUNTY    MAR 28 2022    CIRCUIT
CLERK

### XXXIII.

Defendant either knew or should have known that Plaintiff suffered a property loss and should have made payments on the claim without unreasonable and avoidable delay.

### XXXIV.

Defendant's breach of the aforementioned duties was the direct and proximate cause of the harm suffered by Plaintiff, and but for their breach the harm suffered by Plaintiff would have been avoided.

### XXXV.

Defendant's refusal to tender payment was deliberate, without excuse or justification, and therefore shows bad faith conduct under the laws of the State of Mississippi.

### XXXVI.

Due to Defendant's failure to pay Plaintiff the benefits afforded to it under the terms of his Policy in a reasonable and timely manner, under the facts presented, Plaintiff has suffered monetary loss, emotional distress and mental anguish, and other damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff, Roosevelt Parker, prays that Defendant, State Farm Fire and Casualty Company, be served with a copy of this Complaint, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiff, and against the Defendant as alleged, together with legal interest, and for all costs of these proceedings including expert witness fees to be taxed as costs of court, attorney's fees and expenses and for all legal and equitable relief this honorable court shall deem appropriate.

Further, a **TRIAL BY JURY** is requested on all issues raised herein.

FILED

LAMAR COUNTY    MAR 28 2022    CIRCUIT CLERK

'RESPECTFULLY SUBMITTED, this the 23rd day of March, 2022.

> HAIR SHUNNARAH TRIAL ATTORNEYS
> 3540 S. I-10 SERVICE RD. WEST, STE. 300
> METAIRIE, LA 70001
> Ph: (504) 323-6951
> F: (504) 613-6351
> topp@hairshunnarah.com
> *Attorneys for Plaintiff,*
> *Roosevelt Parker*

BY:    _____
       LINDSEY A. TOPP, MS BAR NO. 104182

FILED

LAMAR
COUNTY    MAR 28 2022    CIRCUIT
CLERK

## IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

**ROOSEVELT PARKER**                                    **PLAINTIFF**

**F I L E D**

**VS.**                LAMAR  MAR 28 2022  CIRCUIT    CASE NO.: 37:22CV025PH
                      COUNTY              CLERK

**STATE FARM FIRE AND**
**CASUALTY COMPANY**                                    **DEFENDANT**

### PLAINTIFF'S ELECTION FORM FOR SERVICE OF PROCESS

Plaintiff, through undersigned counsel, hereby select service of process on Defendant

State Farm Fire and Casualty Company, by the method indicated below:

A.      ( ) By the Sheriff of the county in which the Defendant(s) reside for service

under subparagraph (c)(2) of Rule 4 of the Mississippi Rules of Civil Procedure.

B.      ( x ) By a Process Server selected by the plaintiff who is not a party and is not

less than 18 years of age for service under subparagraphs (c)(1) of Rule 4 of the

Mississippi Rules of Civil Procedure.

C.      ( ) By Mail as provided by (c)(3) or (c)(5) Rule 4 of the Mississippi Rules of

Civil Procedure.

D.      ( ) By Publication as authorized under subparagraph (c)(4) of Rule 4 of the

Mississippi Rules of Civil Procedure.

E.      ( ) Do not issue Summons in this case as it is my intention to get a waiver from

the defendant(s). The waiver will be filed as soon as it is secured.

Submitted on the 22nd day of March, 2022.

Lindsey A. Topp, MSB #104182
ATTORNEY FOR ROOSEVELT PARKER

## IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

ROOSEVELT PARKER                                                                      **PLAINTIFF**

VS.                                                              CASE NO.: 37'22CV025PH

STATE FARM FIRE AND
CASUALTY COMPANY                                                      **DEFENDANT**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:    **State Farm Fire and Casualty Insurance Company**
       *Via its Registered Agent for Service of Process:*
       **United States Corporation Company**
       **7716 Old Canton Road, Suite C**
       **Madison, MS 39110**

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Lindsey A. Topp, Esquire, the attorney for the Plaintiff, whose address is 3540 S. I-10 Service

Rd. West, Ste. 300, Metairie, LA 70001.

Your response must be mailed or delivered within thirty (30) days from the date of

delivery of this Summons and Complaint or a judgment by default will be entered against you for

the money or other things demanded in the complaint.

You must file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this 28th day of March, 2022.

CIRCUIT CLERK OF WARREN COUNTY

BY: _Beth Martin_ D.C.

ROOSEVELT PARKER v. STATE FARM

RETURN

**State Farm Fire and Casualty Company**
*Via its Registered Agent for Service of Process:*
**United States Corporation Company**
**7716 Old Canton Road, Suite C**
**Madison, MS 39110**

I, the Undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

(  ) FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

(  ) PERSONAL SERVICE. I personally delivered copies of the summons and complaint on the _____ day of _____, 2022, to:
_____

(  ) RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ county, Mississippi. I served the summons and complaint on the ___ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____who is the (insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years, and willing to receive the summons and complaint and thereafter, on the _____ day of _____, 2022. I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

(  ) CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served).

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____
Name:_____
Address:_____
Soc. Sec. No.:_____ Telephone No.:_____

State of Mississippi

County of _____

     Personally appeared before me the undersigned authority in and for the state and county

aforesaid, the within named _____ who being first by me duly sworn

states on oath that the matters and facts set for in the foregoing "Proof of Service-Summons" are

true and correct as therein stated.

                       _____
                       Process Server

     Sworn to and subscribed before me on this the ____ day of _____, 2022.

                       _____
                       Notary Public

(Seal) My commission Expires:

_____

ROOSEVELT PARKER v. STATE FARM

RETURN

State Farm Fire and Casualty Company
*Via its Registered Agent for Service of Process:*
United States Corporation Company   109 EXECUTIVE DR
7716 Old Canton Road, Suite C        Madison, MS 39110
Madison, MS 39110

I, the Undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

( ) FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

(X) PERSONAL SERVICE. I personally delivered copies of the summons and complaint on the 29 day of March, 2022, to: Julie Paxton Corporation Service Company

( ) RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ county, Mississippi. I served the summons and complaint on the ____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the (insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years, and willing to receive the summons and complaint and thereafter, on the _____ day of _____, 2022. I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies where left.

( ) CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served).

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $ _____
Name: Ciara Davis
Address: 1422 Hawthorne Cove Byram, MS 39272
Soc. Sec. No.: _____   Telephone No.: (601) 307-0402

State of Mississippi

County of Hinds

    Personally appeared before me the undersigned authority in and for the state and county

aforesaid, the within named Ciara Dabbs who being first by me duly sworn

states on oath that the matters and facts set for in the foregoing "Proof of Service-Summons" are

true and correct as therein stated

               Ciara & Faldas
               Process Server

    Sworn to and subscribed before me on this the 4 day of April, 2022.

             Alsha McGilvey
             Notary Public

(Seal) My commission Expires:

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 304820
ALSHA MONIQUE McGILVERY
Commission Expires
March 21, 2026
HINDS COUNTY

## IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

ROOSEVELT PARKER

VS.

STATE FARM FIRE AND
CASUALTY COMPANY

**PLAINTIFF**

CASE NO.: 37.22CV025PH

**DEFENDANT**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:   State Farm Fire and Casualty Insurance Company
*Via its Registered Agent for Service of Process:*
**United States Corporation Company**
**7716 Old Canton Road, Suite C**
**Madison, MS 39110**

NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Lindsey A. Topp, Esquire, the attorney for the Plaintiff, whose address is 3540 S. I-10 Service

Rd. West, Ste. 300, Metairie, LA 70001.

Your response must be mailed or delivered within thirty (30) days from the date of

delivery of this Summons and Complaint or a judgment by default will be entered against you for

the money or other things demanded in the complaint.

You must file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this 28th day of March, 2022.

CIRCUIT CLERK OF WARREN COUNTY

BY: _Beth Murtr_ D.C.