IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROOSEVELT PARKER**                                                                                     **PLAINTIFF**

**VS.**                                                                         **CASE NO.: 2:22-cv-00045-HSO-RHWR**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**                                                                             **DEFENDANT**

### PLAINTIFF'S RULE 26(A) INITIAL DISCLOSURES

Plaintiff, Roosevelt Parker, through undersigned counsel, makes the following Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Plaintiff does not waive his right to object to the disclosures based on any proper ground including, but not limited to, privilege, relevance, competence, and/ or confidentiality.

**Disclosure No. 1:** **The name, and if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following individuals may have discoverable information Plaintiff may use to support his claims:

1. Roosevelt Parker
   a. Plaintiff
   b. 52 Highway 589, Sumrall, MS 39482
   c. Fact witness who will testify to the damages sustained by the Property, reporting of damages, opening of the claim, etc.

2. Tommy Tompkins of ATA Loss Consulting, LLC ("ATA")
   a. Public Adjuster
   b. 25910 Canal Road, Suite 269, Orange Beach, AL 36561
   c. Plaintiff's public adjuster who will testify to the valuation of damages, scope of damages, and causal link between the loss event and damages to the Property, as well as the claims adjusting timeline in this matter.

3. Any person(s) identified by Defendant in their Rule 26(a) initial disclosures or through discovery.

**Disclosure No. 2:** **A copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claim or defenses, unless the use would be solely for impeachment.**

The following documents or evidence, currently in Plaintiff's possession, custody, or control, may be used to support his claims:

1. Photos of Plaintiff's Property taken by Tommy Tompkins/ ATA
2. Loss estimates and related documentation provided by Tommy Tompkins/ ATA

**Disclosure No. 3:** **A computation of each category of damages claimed by the disclosing party - who also must make available for inspection and copying as under Fed. R. Civ. P. 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

It is difficult to provide a full calculation of damages, as discovery has not yet commenced. Further, expert witnesses may be retained to perform calculations. For the purposes of this disclosure, it is Plaintiff's current position that Defendant is indebted to him as a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts. Plaintiff has incurred the following, non-exclusive damages: diminution of the value of the Property; actual repair costs; mental anguish; attorney's fees; other professional fees; litigation costs associated with the bringing of this action; and any and all other damages that are shown through discovery and/ or proven at the trial of this matter.

**Disclosure No. 4:** **For inspection and copying as under Fed. R. Civ. P. 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff is only aware of the insurance policy provided to Plaintiff by Defendant, Policy Number 241729211. Whether the policy is sufficient to satisfy all or part of a possible judgment

in the action or to indemnify or reimburse for payments made to satisfy the judgment is unknown to Plaintiffs at this time.

<u>Plaintiff reserves the right to amend and/ or supplement these disclosures as discovery continues.</u>

RESPECTFULLY SUBMITTED, this the 10th day of May, 2022.

*/s/ Lindsey A. Topp*
_____
LINDSEY A. TOPP, NO. 104182
HAIR SHUNNARAH TRIAL ATTORNEYS
3540 S. I-10 SERVICE RD. WEST, STE. 300
METAIRIE, LA 70001
Ph: (504) 323-6951
F: (504) 613-6351
topp@hairshunnarah.com
*Attorneys for Plaintiff, Roosevelt Parker*

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the foregoing on all counsel of record in these proceedings by email, facsimile, electronic court system, and/ or United States Mail, postage prepaid, this the 10th day of May, 2022.

*/s/ Lindsey A. Topp*
LINDSEY A. TOPP