IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROOSEVELT PARKER**                                                              **PLAINTIFF**

v.                                                                    CAUSE NO.: 2:22-cv-45-HSO-BWR

**STATE FARM FIRE AND**
**CASUALTY COMPANY**                                                              **DEFENDANT**

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

To: State Farm Fire and Casualty Company
*Through its counsel of record*
Harry Benjamin Mullen
Michael R. Moore
BRYAN, NELSON, SCHROEDER, CASTIGLIOLA & BANAHAN, PLLC
Post Office Drawer 1529
Pascagoula, MS 39568-1529
ben@bnscb.com
michael@bnscb.com

COMES NOW, the Plaintiff, **ROOSEVELT PARKER**, through undersigned counsel, who responds to Defendant **STATE FARM FIRE AND CASUALTY COMPANY'S** ("State Farm") First Set of Interrogatories as follows. As an initial matter, many of the items requested are irrelevant and are simply answered to the best of Plaintiff's memory.

**PRELIMINARY STATEMENT**

Plaintiff states that discovery and factual investigation are ongoing. Plaintiff's responses to Interrogatories are based on information known to Plaintiff at this time. Plaintiff reserves the right, however, to make reference at the trial or at any hearing in this action to facts and documents not identified in these responses, the existence or relevance of which is later discovered by him or his counsel. To the extent the information contained herein differs in any

respect from any prior responses to discovery between these parties, these responses shall be deemed to update and supersede such prior responses.

In responding to these Interrogatories, Plaintiff does not concede the relevancy, materiality, or admissibility of any information sought by the Interrogatories, or any responses thereto. These answers are made subject to and without waiver of any questions or objection as to the competency, relevancy, materiality, privilege, or admissibility of evidence, documents, or information referred to herein, or the subject matter thereof, in any proceeding, including trial.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify yourself fully. (Your Answer should include your full name as well as any nicknames or alias you may be known by, also your date of birth, social security number, address, and telephone number.).

**ANSWER TO INTERROGATORY NO. 1:**

Name: Roosevelt Parker
Date of Birth: June 28, 1948
Social Security Number: 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
Address: 52 Mississippi Highway 589, Sumrall, Mississippi 39482
Telephone Number: 601-310-0973

**INTERROGATORY NO. 2:**

List the full addresses of all places where you have resided from January 1, 2011, to the present time.

**ANSWER TO INTERROGATORY NO. 2:**

Plaintiff has lived in the property that is the subject of this lawsuit since approximately 1990.

**INTERROGATORY NO. 3:**

Identify by address and parcel identification number all real estate you and/or your spouse have owned from January 1, 2011, to the present time.

**ANSWER TO INTERROGATORY NO. 3:**

Plaintiff has owned no real estate other than the property subject to this lawsuit since January 1, 2011. Plaintiff's spouse of two years owns real estate in Chicago, which was owned prior to the marriage. Plaintiff does not possess any ownership interest in his spouse's separately owned real estate.

**INTERROGATORY NO. 4:**

Please state the date on which you purchased 52 Mississippi Highway 589, Sumrall, Mississippi 39482; the price for which you purchased it; all individuals involved in the purchase or sale of said property; and the identity of any person or company providing financing for the purchase of said property.

**ANSWER TO INTERROGATORY NO. 4:**

Plaintiff built the home in approximately 1990 or 1991. Plaintiff does not recall the details regarding the price paid or sub-contractors who performed work on the property. At the time the home was built, upon information and belief, Plaintiff paid cash for it and did not use a financing company.

**INTERROGATORY NO. 5:**

State the name, address, and telephone number of all persons known to you or known to anyone acting on your behalf who have any discoverable matter with respect to the facts and allegations of your complaints or defenses asserted by any party, including, but not limited to:

(a) actual witnesses to the events alleged in the Complaint;

(b) persons who were on the scene or in any vicinity seven (7) days prior to or following to the events alleged in the Complaint;

(c) persons who observed, viewed, or inspected the real or personal property following the events alleged in the Complaint;

(d) persons with knowledge about the assertion, adjustment, and handling of your claims for damages and/or insurance proceeds;

(e) persons with knowledge about your claims against State Farm;

(f) persons with knowledge of any other discoverable matter.

With respect to each person identified, state the general subject matter of the person's knowledge and information.

**ANSWER TO INTERROGATORY NO. 5:**

To the best of Plaintiff's knowledge and recollection, other than Plaintiff himself and various representatives and employees of State Farm, the following persons may have discoverable information related to this matter:

    Tommy Tompkins and other employees of ATA Loss Consulting, LLC
    ATA Loss Consulting, LLC
    25910 Canal Road, Suite 269
    Orange Beach, AL 26561
    800-935-9270

Plaintiff reserves the right to supplement this response, as discovery is ongoing. Moreover, Plaintiff will provide expert and witness lists in accordance with the Court's scheduling order.

**INTERROGATORY NO. 6:**

Identify witnesses you may or will call at trial and for each witness provide their address, telephone number, and scope of anticipated testimony.

**ANSWER TO INTERROGATORY NO. 6:**

Plaintiff objects to this interrogatory as premature as discovery in this matter is ongoing and as Plaintiff will file a witness list in accordance with the Court's scheduling order. Without waiving this objection, Plaintiff incorporates by reference his Answer to Interrogatory No. 5 above.

**INTERROGATORY NO. 7:**

Please list any and all individuals that were present at 52 Mississippi Highway 589, Sumrall, Mississippi 39482 at the time of the storm that allegedly caused the property damage at issue in this lawsuit and identify any and all communications with said individual(s) concerning said storm.

**ANSWER TO INTERROGATORY NO. 7:**

To the best of his knowledge and recollection, Plaintiff was the only individual present at the time of the storm that caused the property damage at issue in this lawsuit.

**INTERROGATORY NO. 8:**

For each expert witness you expect to call at the trial of this cause, state the following specific information:

    (a)    name, home and business address, area of specialty, and a description of his/her training, education and practical experience in the field in which he/she will be offered as an expert;

    (b)    a complete statement of all opinions the witness will express and the basis of the opinions;

    (c)    the facts or data considered by the witness in forming his/her opinion;

    (d)    any exhibits that will be used to summarize or support his/her opinion;

(e) the witness's qualifications, including a list of all publications authored in the previous ten years;

(f) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

(g) a statement of the compensation to be paid for any review or inspection and testimony in the case.

**ANSWER TO INTERROGATORY NO. 8:**

Plaintiff objects to this interrogatory as premature, as discovery in this matter is ongoing and Plaintiff has not yet made final decisions regarding experts to be introduced at trial; Plaintiff will provide expert designations in accordance with the Court's scheduling order.

**INTERROGATORY NO. 9:**

Please identify by description and date all documents, including, but not limited to, appraisals, repair estimates, receipts, personal property estimates, invoices, correspondence, inventories and other record or document of any sort, related to the damages sought in this suit.

**ANSWER TO INTERROGATORY NO. 9:**

Plaintiff objects to this interrogatory to the extent is seeks information already in State Farm's possession. Without waiving this objection, the ATA Consulting, LLC ("ATA") estimate, dated January 27, 2022 and based on ATA's inspection of the Property on December 14, 2021, has already been provided to State Farm and is attached in response to Defendant's Request for Production contemporaneously with these Answers. Plaintiff has also received estimates completed by or on behalf of State Farm dated May 8, 2021 and March 14, 2022. Plaintiff is not in possession of any other documents responsive to this interrogatory at the time of this response.

**INTERROGATORY NO. 10:**

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure please identify any and all documentary evidence that you plan to introduce at the trial of this cause or which you believe relevant to the subject matter of this litigation.

**ANSWER TO INTERROGATORY NO. 10:**

Plaintiff objects to this interrogatory as premature, as discovery in this matter is ongoing and Plaintiff has not made any decisions regarding evidence to be introduced at trial. Without waiving these objections, Plaintiff may introduce the estimate and supporting photo report created by ATA Loss Consulting, which were previously provided to State Farm and are attached in response to Defendant's Request for Production contemporaneously with these Answers.

**INTERROGATORY NO. 11:**

Identify any document in your possession which purports to be a document made, created, written or produced by any State Farm entity, agent, or employee thereof, which is in any way related to the subject matter of this litigation.

**ANSWER TO INTERROGATORY NO. 11:**

Plaintiff objects to this request as it seeks information already in State Farm's possession. Without waiving this objection, Plaintiff is in possession of various letters and emails as well as the estimates prepared by State Farm dated May 8, 2021 and March 14, 2022.

**INTERROGATORY NO. 12:**

For each and every injury or element of damage which you claim in this suit, please state all facts supporting the damage; itemize the dollar amount(s) of the damages being claimed; identify all witnesses with knowledge relevant to that claimed element of damage; and identify all documents supporting the claim for such damages.

**ANSWER TO INTERROGATORY NO. 12:**

Plaintiff objects to this request as discovery is ongoing and as premature, as a witness list will be filed in accordance with the court's scheduling order. Without waiving this objection, Plaintiff incorporates by reference the estimate of damages prepared by ATA Loss Consulting, Inc., which was previously provided to State Farm and is enclosed contemporaneously to these answers in response to Defendants' Requests for Production of Documents; Plaintiff also seeks damages for State Farm's bad faith claims adjusting and breaches of contract as alleged in Plaintiff's Complaint and as to be determined by the finder of fact at trial.

**INTERROGATORY NO. 13:**

Provide a specific description of every fact upon which you base your claims against State Farm. With respect to each alleged fact, identify every witness and document that you contend supports same and explain the reasons that you contend the evidence supports a claim against State Farm.

**ANSWER TO INTERROGATORY NO. 13:**

Plaintiff objects to this interrogatory as premature as discovery is ongoing; witness and exhibit lists will be provided in accordance with the Court's scheduling order. Plaintiff incorporates by reference the Complaint filed in this matter, as it provides an explanation of the facts that form the basis of Plaintiff's claims against State Farm.

**INTERROGATORY NO. 14:**

Provide a detailed explanation of all evidence that you contend supports your claims for punitive and other extracontractual damages herein (identifying all facts, supporting documents, and witnesses) including information relevant to alleged liability for such damages and information relevant to the amount of such damages you seek.

**ANSWER TO INTERROGATORY NO. 14:**

Plaintiff objects to this interrogatory as calling for legal conclusions and strategies and as premature; discovery in this matter is not complete, and Plaintiff has not yet made decisions regarding witnesses or exhibits to be introduced at trial. Without waiving these objections, insurers can be liable for punitive "bad faith" damages where there are inadequate investigations into a loss and/ or unreasonable delas in adjustment and payment of claims, as there were here. Please see the documents attached contemporaneously in response to State Farm's Requests for Production and those documents already in State Farm's possession.

**INTERROGATORY NO. 15:**

If you contend that any employee, agent, or representative of State Farm has at any time made any statement or communication that supports your claims in this case, provide a specific description of that statement or communication, including the date of the statement or communication, the specific content of the communication, the speaker or author of the statement or communication, and any document or electronic record of the statement or communication.

**ANSWER TO INTERROGATORY NO. 15:**

Plaintiff objects to this interrogatory as calling for information already in State Farm's possession. Without waiving this objection, please see the documents attached contemporaneously in response to State Farm's Requests for Production and those documents already in State Farm's possession.

**INTERROGATORY NO. 16:**

Identify any statement or statements made to you by the Defendant or any individual employed therewith that you allege was a misrepresentation and/or omission or fact, or both, and for each such statement provide the date the statement was made; who made the statements and

where the statement was made. If the statement was in response to any inquiry on your part, provide the full details of any prefatory and subsequent communications surrounding said statement; describe any documents or notes evidencing same; and identify any witnesses who may have overheard that statement or communications contemporaneously therewith.

**ANSWER TO INTERROGATORY NO. 16:**

Plaintiff objects to this interrogatory as calling for legal conclusions and as calling for information already in State Farm's possession. Without waiving these objections, please see the documents attached contemporaneously in response to State Farm's Requests for Production and those documents already in State Farm's possession.

**INTERROGATORY NO. 17:**

Identify any statement or statements in any form that you have made to any person regarding any of the events or happenings alleged in your Complaint.

**ANSWER TO INTERROGATORY NO. 17:**

Plaintiff objects to this request as overbroad, vague, and ambiguous; Plaintiff cannot be expected to remember every single mention of his property loss over the approximately sixteen months since the loss. Plaintiff further objects to this interrogatory to the extent it requests protected attorney-client communications and attorney work product. Without waiving these objections, to the best of his recollection Plaintiff has discussed the events or happenings with his attorney, representatives of State Farm, and close family and friends.

**INTERROGATORY NO. 18:**

Identify all insurance claims you have submitted in the past ten (10) years. For each claim identified, please state:

    (a)    the insurance company with which the claim was filed;

(b)     the date of the event which caused the claim to be filed;

(c)     the facts associated with the claim;

(d)     the claim number;

(e)     whether or not you were paid under the claim, and if so, the amount paid; and

(f)     the persons at the insurance company with whom you communicated.

**ANSWER TO INTERROGATORY NO. 18:**

To the best of his knowledge and recollection, the only other insurance claim Plaintiff has made was related to a widespread power outage when the electricity was out at his home for a week, unrelated to any storm or named peril, and he made a claim for the spoilage in his freezer. At the time of these responses, Plaintiff does not recall the date or approximate date of this claim and he no longer possesses claim information; however, to the best of Plaintiff's knowledge and recollection, the Property was insured with State Farm at the time and any claim would have been made with State Farm.

**INTERROGATORY NO. 19:**

Itemize (by description and dollar value) all items of personal property and contents which you contend were damaged and/or destroyed by the storm at issue in this lawsuit and identify any and all documents, photographs, invoices, receipts, etc., which support your claim for the loss of such personal property and contents.

**ANSWER TO INTERROGATORY NO. 19:**

Plaintiff is not in possession of any information responsive to this request. To the best of his knowledge, Plaintiff did not sustain personal property/ contents losses related to this event.

**INTERROGATORY NO. 20:**

Please provide the date of purchase and age of each item of personal property or contents you contend was lost or damaged in the storm at issue in this lawsuit.

**ANSWER TO INTERROGATORY NO. 20:**

Plaintiff is not in possession of any information responsive to this request. To the best of his knowledge, Plaintiff did not sustain personal property/ contents losses related to this event.

**INTERROGATORY NO. 21:**

Itemize (by description and dollar value) all loss of use expenses you have incurred as a result of the storm at issue in this lawsuit and identify any and all documents, photographs, invoices, receipts, etc., which support your claim for such loss of use expenses.

**ANSWER TO INTERROGATORY NO. 21:**

Plaintiff is not in possession of any information responsive to this request. Plaintiff has not incurred any loss of use expenses as of the time of these answers; however, he anticipates incurring additional living expenses when repairs begin, as they are expected to render his property uninhabitable for the duration of the repairs.

**INTERROGATORY NO. 22:**

Have you ever been charged or convicted of a felony? If so, please state the charge, the court in which it was heard, the cause number and the disposition of said charge.

**ANSWER TO INTERROGATORY NO. 22:**

Plaintiff has not been charged or convicted of a felony.

**INTERROGATORY NO. 23:**

Have you ever filed bankruptcy? If so, please state where said petition was filed, the date on which it was filed, the style of said petition and the disposition of said bankruptcy.

**ANSWER TO INTERROGATORY NO. 23:**

Plaintiff filed bankruptcy when he was very young in Detroit, Michigan, roughly 50 years ago; Plaintiff is not in possession of specific information regarding that filing. To the best of his knowledge and recollection, Plaintiff has not filed bankruptcy on any other occasion.

**INTERROGATORY NO. 24:**

Have you ever been a party to a civil lawsuit? If so, please state whether you were the plaintiff or defendant, the court in which the lawsuit was filed, the date on which it was filed, the style of said lawsuit (including the names of the parties and the civil action number), and the disposition of the lawsuit.

**ANSWER TO INTERROGATORY NO. 24:**

Plaintiff was part of two divorce proceedings. The first was with Lois Maxine Parker; Plaintiff no longer possesses the case number. To the best of Plaintiff's knowledge and recollection, the divorce took place in Covington County, Mississippi in or about 2016 or 2017. The second was in the Chancery Court of Covington County, Mississippi in 2019; Case Number 16CH1:19-cv-00074-DS, styled "In re the Dissolution of Marriage of ROOSEVELT PARKER and CONSTANCE EVANS PARKER." To the best of his knowledge and recollection, Plaintiff has never been a party to any other civil action.

**INTERROGATORY NO. 25:**

Please identify (by date, amount, and payor) any all payments or sums of money you have received from any source in relation to or as a result of the occurrence which is the basis of this lawsuit.

**ANSWER TO INTERROGATORY NO. 25:**

Plaintiff received $288.82 from State Farm; the payment was issued on or about May 8,

2021. To the best of his knowledge and recollection, Plaintiff has not received any other payments or sums of money from State Farm or from any other sources related to this loss.

**INTERROGATORY NO. 26:**

With respect to the roof that existed on your property at 52 Mississippi Highway 589, Sumrall, Mississippi 39482 at the time of the subject storm on or about April 9, 2021, please identify the following:

(a) The date on which the roof was installed and the identity of the contractor who installed it;

(b) Each instance of damage to the roof between the time of its installation and the current date, including in your answer a description of the damage and the date it occurred; and

(c) Each instance of repair to the roof between the time of its installation and the current date, including in your answer the scope of the repairs, the identity of the person or company that made the repairs, the date on which the repairs were made, and the cost of the repairs.

**ANSWER TO INTERROGATORY NO. 26:**

The roof was installed following Hurricane Katrina in 2005; Plaintiff does not recall the exact date of installation and he does not possess or recall the identity of the contractor who replaced it due to the length of time that has since passed. To the best of Plaintiff's knowledge and recollection, the roof did not sustain damages, and no repairs have been made, since the roof's installation, until the event that is the subject of this litigation.

HAIR SHUNNARAH TRIAL ATTORNEYS
3540 S. I-10 SERVICE RD. WEST, STE. 300
METAIRIE, LA 70001
Ph: (504) 323-6951
F: (504) 613-6351
topp@hairshunnarah.com
*Attorneys for Plaintiff, Roosevelt Parker*

BY: /s/ Lindsey A. Topp
Lindsey A. Topp, MS Bar No. 104182

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answers to Interrogatories have been served on all counsel of record to these proceedings by electronic mail and/ or by depositing same in the U.S. Mail, properly addressed and first-class postage prepaid on this the 3rd day of August, 2022.

_____
Lindsey A. Topp, MS Bar No. 104182