**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ROOSEVELT PARKER**                                                                **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO.: 2:22-CV-00045-HSO-BWR**

**STATE FARM FIRE AND CASUALTY
COMPANY**                                                                  **DEFENDANT**

**STATE FARM FIRE AND CASUALTY COMPANY'S REPLY TO PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION [DOCS. 49, 50] TO MOTION TO STRIKE PLAINTIFF'S EXPERT, SCOTT BERBERICH, PURSUANT TO RULE 702 AND *DAUBERT* [DOC. 45]**

COMES NOW the Defendant, STATE FARM FIRE AND CASUALTY COMPANY (hereinafter "State Farm"), by and through its counsel of record and files this, its Reply to Plaintiff's Response and Memorandum in Opposition [Doc. 49, 50] to Motion to Strike Plaintiff's Expert, Scott Berberich, pursuant to Rule 702 and *Daubert* [Doc. 45], and for cause would show unto the Court as follows, to-wit:

**INTRODUCTION**

In his Response in Opposition, the Plaintiff, ROOSEVELT PARKER (hereinafter "Parker") goes to great length to persuade the Court that his expert witness, Scott Berberich (hereinafter "Berberich"), should be allowed to testify for a variety of reasons and that State Farm's only avenue with which to address Berberich's shortcomings as a witness is cross-examination. While it is true that Berberich provides ample material for vigorous cross-examination if he is allowed to testify at trial, Parker misapprehends the basic premise that Berberich's proffered testimony and evidence must be reliable with a focus on principles and methodology before he is allowed to testify as an expert witness. As discussed in State Farm's

opening papers and restated below, Berberich's testimony and evidence are not reliable because he bases and formulates his opinion on unreliable facts and data, and his own methodology, to the extent one exists since his report is devoid one, is flawed.

## I.
## ARGUMENT AND CITATION OF AUTHORITY

Parker's Response in Opposition to the Motion to Strike boils down to two basic points. The first is that Berberich is qualified by experience and second that his "methodology" for reaching his opinion that the ATA estimate is more accurate than the State Farm estimates is reliable. Parker goes further to elucidate those assertions by citing cases where some federal courts, both trial and appellate, have held that experts need not have performed all of the work upon which they rely for their opinions and that experts can rely on the work of others and so on. *See e.g.* Plaintiff's Memorandum in Support of Response in Opposition [Doc. 50] at p.13, fn. 49. The flaw in Parker's argument, however, is that under any *Daubert* analysis, the Court, in performing its gatekeeping role, must look at each case on its own merits along with all of the particular facts and circumstances in context before it rather than in a broad, general sense. *General Elec. Co. v. Joiner*, 522 U.S. 136, 144 (1997) (the issue in that case was not whether animal studies used could ever be a proper foundation to support an expert's opinion. "The issue was whether *these* experts' opinions were sufficiently supported by the animal studies on which they purported to rely.") (emphasis in original). The United States Supreme Court further held in that case that, on those particular facts in that case, the district court properly rejected the experts. *General Elec. Co.*, 522 U.S. at 144. Thus, it was not that animal studies generally could not support an expert's opinion. In that *particular* case, the studies were too dissimilar to the facts of the case to be considered reliable. *Id.*

In the case at bar, the issue is not whether an expert can rely on the findings of others, or

even the opinions of others. The issue is also not whether an expert can rely on the other findings without conducting his own investigation. The issue is whether, in applying *Daubert*'s focus of principles and methodology to the facts of the case at bar, Berberich's opinion is reliable. *See Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993) ("[t]he focus, of course, must be solely on **principles and methodology**, not on the conclusions that they generate") (emphasis added). In doing so, the Court should find that Berberich's opinions are not reliable. Berberich's one page "report" contains no indication of his methodology. He sets out no principles. He mentions industry standards but does not state upon which industry standards he relied. He simply states that his opinion, after looking at State Farm's estimate and the ATA estimate, applying some unknown industry standard, the ATA estimate is at or below a fair evaluation of Parker's damages. This could hardly satisfy any analysis focusing on principles and methodology under *Daubert* since no principles or methodology appear in the expert report. This alone should be sufficient to allow the Court to exclude Berberich because "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *General Elec. Co.*, 522 U.S. at 146. The mere fact that State Farm was allowed to depose Berberich to "discover" his methodology by "probing in the dark" to find out how he reached his conclusions does not cure the problem with Parker's failure to provide a proper expert designation and report in the first instance.

      Even so, Berberich's testimony actually further clarified the unreliability of his opinions rather than bolstering them. As stated in State Farm's opening papers, Berberich thought he was relying on the opinions of an experienced adjustor who created the ATA estimate, Tommy Tompkins. But, Tompkins did not create the ATA estimate. *See e.g.* [Doc. 45-19]; [Doc. 45-

20]. And, in fact, it is still unclear to this day who actually created the estimate or how it was created. Thus, there is no way to test the qualifications of whoever created the estimate, that person's or those persons' methodology (*i.e.* why certain line items were included and on what basis), or otherwise justify the contents of the ATA estimate that Berberich opines is the more accurate estimate. What State Farm ultimately learned about the ATA estimate was that it was an Xactimate estimate with line items placed in it by a number of unknown people. This also amplifies the fact that, in this case, Berberich should have done his own "in-person" work because he knows that ATA's method of preparing estimates in this manner is faulty. But, he did not. That is why, on the whole, Berberich's expert opinions fail the reliability test. While Berberich may be permitted to rely on the work of others, the work of others must be reliable itself. In this case, it is not. Therefore, this Court, in performing its gatekeeping function, has more than sufficient information to support striking Berberich's report and testimony as unreliable. Likewise, just because Berberich asserts that the ATA estimate is more accurate, without a reliable underlying basis, does not make it so. *See General Elec. Co*, 522 U.S. at 146. Unsupportable opinions are not helpful to a fact finder and are irrelevant.

Additionally, with respect to causation, there is no mention in the "expert report" about what caused the damage, how the damage was related, if at all, to Parker's alleged damages, what basis Berberich has for determining cause of loss, or even what the weather event at issue was. Berberich's expert report was all of the information provided by Parker in his expert designation. Even if it could be argued that adjustors often make judgment calls and thus can testify as to what types of damage are caused by various weather events, in the case at bar, Parker failed to disclose Berberich's opinions as to the actual cause of the damage to Parker's property in Berberich's expert report, any testimony of Berberich after the fact notwithstanding.

An expert disclosure must provide "a complete statement of **all opinions the witness will express and the basis and reasons for them**...." Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added). While Fed. R. Civ. P. 26(e)(2) provides for supplementation, there has been no such supplementation by Parker, and State Farm has lost its ability to inquire further into an area not disclosed in the expert report in the first instance since discovery is concluded.

Lastly, with respect to the issue of depreciation, Parker takes issue with State Farm's counsel not inquiring in depth with Berberich about the appropriate calculation of depreciation to be applied to the estimates of Parker's alleged damages. It is not State Farm's obligation to fish through and attempt to chisel out all of Berberich's opinions during his deposition on topics not disclosed in the expert report. The Federal Rules of Civil Procedure require the party proffering the expert witness to provide full disclosure of the expert witness's opinions and their bases. Berberich's expert report is devoid of any depreciation calculations, and, in fact, it makes no reference to depreciation at all. This, again, belies the problem with the reliability of Berberich's opinions in that he relied on the work and opinions of unknown persons as to how much depreciation was applied in the ATA estimate, which itself renders the ATA estimate unreliable, and then failed to do any calculations of his own.[1]

## II.
## Conclusion

Parker's Response in Opposition fails to specifically demonstrate how Berberich's proffered opinions and testimony are reliable *in this case*, which is the test. Parker only argues that experts may rely on the work of others, that they need not personally conduct their own investigations, and so on in general. But, that does not solve the problem before the Court in this case. The Court must look to the particular facts and circumstances of this specific case as it

---

[1] Or, if he did, the calculations were not disclosed.

relates to what the proffered expert did or did not do, on what the proffered expert relied in developing his opinions, how reliable the underlying basis of those opinions was or is, what the proffered expert disclosed or did not disclose in his expert report, and what Parker disclosed or did not disclose about the opinions of the proffered expert.  Parker provided in his Response in Opposition nothing to cure his and his expert's failures to satisfy both the expert disclosure requirements of the Federal Rules of Civil Procedure and the reliability standards set forth in *Daubert* and its progeny.  As such, for the reasons set forth herein and State Farm's opening papers, the Court should strike Berberich as an expert witness and exclude his testimony, opinions, and reports at trial.

Dated:  March 16, 2023.

Respectfully submitted,

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
Attorneys for Defendant,

**STATE FARM FIRE AND CASUALTY COMPANY**

BY: s/H. Benjamin Mullen
    **H. BENJAMIN MULLEN (MSB 9077)**
    **MICHAEL R. MOORE (MSB 104505)**

**BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Ave.
P.O. Drawer 1529
Pascagoula, MS 39568-1529
Telephone: 228-762-6631
Fax: 228-769-6392
ben@bnscb.com
michael@bnscb.com

## CERTIFICATE OF SERVICE

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, do hereby certify that I have this date electronically filed the foregoing Reply to Plaintiff's Response and Memorandum in Opposition [Doc. 49, 50] to Motion to Strike Plaintiff's Expert, Scott Berberich, pursuant to Rule 702 and *Daubert* [Doc. 45] with the Clerk of Court using the ECF system which sent notification of such filing to counsel of record.

Dated: March 16, 2023.

                                      s/H. Benjamin Mullen
                                      **H. BENJAMIN MULLEN (9077)**

**BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Ave.
P.O. Drawer 1529
Pascagoula, MS 39568-1529
Telephone: 228-762-6631
Fax: 228-769-6392
ben@bnscb.com